Appellate Division, Second Department. January 30, 1902.) Action by Henry V. Middleworth against Woodbury Lowery. No opinion. Orders affirmed, with $10 costs and disbursements.

MILLER, Respondent, v. BENEDICT et al., Appellants. (Supreme Court, Appellate Division, Fourth Department. January 28, 1902.) Action by Frederick Miller, an infant, etc., against M. Stuart Benedict and another. No opinion. Judgment and order affirmed, with costs.

MINER, Respondent, v. MAYER, Appellant. (Supreme Court, Appellate Division, Third .Department. December 31, 1901.) Action by John R. Miner against Gerson Mayer. No opinion. Order affirmed, with $10 costs and disbursements.

MOLYNEAUX, Appellant, v. ULSTER & D. R. CO., Respondent. (Supreme Court, Appellate Division, Third Department. December 31, 1901.) Action by Orlando J. Molyneaux against the Ulster & Delaware Railroad Company. No opinion. Judgment unanimously affirmed, with costs.

MONTELL, Respondent, v. DITTMAN et al., Appellants. (Supreme Court, Appellate Division, First Department. January 10, 1902.) Action by Francis M. Montell against George Dittman and others. T. M. Hill, for appellants. G. E. Blackwell, for respondent. No opinion. Judgment and order affirmed, with costs

MOORE, Respondent, v. CONKLIN. Appellant. (Supreme Court, Appellate Division, Fourth Department. January 28, 1902.) Action by John Moore against Roland R. Conklin. No opinion. Judgment affirmed, with costs.

MOREL et al., Appellants, v. STEARNS et al., Respondents. (City Court of New York, General Term. December, 1901.) Action by Marie Joseph Ememond Morel and others against John M. Stearns and others. Norwood & Dilley (Walter E. Cooke, of counsel), for appellants. Hitchings, Palliser & Moen (Hector M. Hitchings, of counsel), for respondents. · FITZSIMONS, C. J. The defendants agreed to purchase from plaintiffs 20 bales of silk, deliverable in April or May. All were duly delivered, except 6, which were offered and refused by defendants on June 1st. On May 31st, plaintiffs gave to a truckman papers that would enable him to receive the silk in question from the customs officials, but he did not remove same from the dock until the morning of June 1st. Upon the trial the complaint was dismissed, and thus this appeal. We think the ruling was correct. The contract plainly reads, "Deliverable in April and May, 1900." The plaintiffs contend that, because they delivered the necessary papers to get the goods off the ship on May 31st to a common carrier, such act constituted a delivery to defendants. We are against such proposition. The common carrier was plaintiffs' agent, and his neglect to deliver to defendants on May .31st was plaintiffs' neglect. Although no place was fixed in the. contract to make deliveries, yet the writings and acts of both parties show that plaintiffs were to do so at any reasonable place fixed by defendants. In this instance defendants instructed plaintiffs to make such delivery at their business place, 68 Green street, this city, and to do so on May 31st, which was not done. We think thereupon the · judgment must be affirmed, with costs to respondents. Judgment affirmed, with costs to respondents.

DELEHANTY, J., concurs.

MORGANSTERN, Appellant, v. ENDELMAN, Respondent, et al. (City Court of New York, General Term. December, 1901.) Action by Philip Morganstern against Abraham Endelman, impleaded, etc. Joseph Wilkenfeld (John D. Connolly, of counsel), for appellant. Abraham B. Schleimer, for respondent.

HASCALL, J. It is clear from the face of the papers presented to us upon this appeal that every presumption which may be indulged in should be construed in favor of sustaining the judgment. McElroy v. Railway Co. (Sup.) 6 N. Y. Supp. 306. The apparent absence of good faith on the part of the defendant, as well as of diligence, render section 724 of the Code imperative, and make it imperative that the order appealed from should be reversed. Moreover, judicial policy requires that a justice at special term should not assume to vacate an order made by another justice, except where permission is granted by statute, before application has been made to the justice granting the order for its modification, amendment or vacation. Fisher v. Hepburn, 48 N. Y. 41; Kamp v. Kamp, 59 N. Y. 212. It clearly appears that, if the order complained against were to be maintained, it would be rendering the neglect of defendant the means for gaining his cause. See Wooster v. Woodhull, 1 Johns. Ch. 538. The investigation by the supreme court of the merits of the matter of difference between the parties, in the interim between the dates of the two orders, makes it certain that the interests of justice are best subserved by maintaining the judgment already secured by plaintiff. The order appealed from should be reversed, with costs and disbursements to the appellant. Order reversed, with costs and disbursements to appellant.

DELEHANTY, J., concurs.

MURPHY, Appellant, v. CONEY ISLAND & B. R. CO., Respondent. (Supreme Court, Appellate Division, Second Department. January 10, 1902.) Action by James Murphy .against the Coney Island & Brooklyn Railroad .Company. No opinion. Motion denied.

MURPHY et al., Appellants, v. PARSONS et al., Respondents. (Supreme Court, Appellate Division, First Department. February 7,

1902.) Action by James W. Murphy and another against John E. Parsons and another. W. Blaikie, for appellants. H. Parsons, for respondents. No opinion. Order affirmed, with $10 costs and disbursements.

NATIONAL CONTRACTING CO., Respondent, v. HUDSON RIVER WATER POWER CO., Appellant. (Supreme Court, Appellate Division, First Department. January 17, 1902.) Action by the National Contracting Company against the Hudson River Water Power Company. No opinion. Motion granted.

In re NEIL et al. (Supreme Court, Appellate Division, First Department. January 10, 1902.) In the matter of James Neil and others. No opinion. Decree affirmed, with costs.

NEW YORK CENTRAL IRON WORKS CO., Respondent, v. UNITED STATES RADIATOR CO., Appellant. (Supreme Court, Appellate Division, Fourth Department. January 21, 1902.) Action by the New York Central Iron Works Company against the United States Radiator Company. No opinion. Judgment affirmed, with costs.

NEW YORK, L. & W. RY. CO., Respondent, v. ERIE RY. CO. et al., Appellants. (Supreme Court, Appellate Division, Fourth Department. December 10, 1901.) Action by the New York, Lackawanna & Western Railway Company against the Erie Railway Company and another. No opinion. Orders affirmed, with $10 costs and disbursements.

NEW YORK PHONOGRAPH CO., Respondent, v. DAVEGA, Appellant. (Supreme Court, Appellate Division, Second Department. January 30, 1902.) Action by the New York Phonograph Company against Sol. B. Davega. No opinion. Interlocutory judgment affirmed, on consent in open court, with costs.

NEW YORK PHONOGRAPH CO., Respondent, v. FOOTE et al., Appellants. (Supreme Court, Appellate Division, Second Department. January 30, 1902.) Action by the New York Phonograph Company against George L. Foote and others. No opinion. Interlocutory judgment affirmed, on consent in open court, with costs.

NEW YORK PHONOGRAPH CO., Respondent, v. MATTHEWS et al., Appellants. (Supreme Court, Appellate Division, Second Department. January 30, 1902.) Action by the New York Phonograph Company against Azel D. Matthews and others. No opinion. Interlocutory judgment affirmed, on consent in open court, with costs.

NOSTRAND, Respondent, v. FRAZIER, Appellant. (Supreme Court, Appellate Division, Second Department. January 30, 1902.) Action by Garrett A. Nostrand against Moses L. Frazier. From a judgment in favor of the plaintiff, defendant appeals. Reversed. Charles

E. LeBarbier, for appellant. Edward W. Grotz, for respondent.

WOODWARD, J. The plaintiff brings this action upon a claim, of which he holds an assignment, for professional services alleged to have been rendered to the defendant as an attorney at law by one Henry M. Goldberg. The plaintiff's assignor claims to have been retained by the defendant to bring two certain actions for slander, and claims that the services were reasonably worth $200, on which a payment of $10 is credited. The defendant denies the liability, and upon the trial of the action introduced evidence tending to show that Goldberg took the two cases upon a contingent fee agreement, that the latter has never performed the services which the defendant directed him to perform, and that the $10 credited upon the account of services was for disbursements. The learned court below found the facts in favor of the plaintiff, and rendered judgment for $65; the defendant appealing. Examining the evidence in the light of the respondent's brief, we are unable to reach the conclusion of the court below. The weight of evidence is clearly opposed to the finding that the plaintiff's assignor was employed for the purpose of bringing the actions in such a manner as to involve the liability of the defendant. The evidence is overwhelming that Goldberg took the cases upon a contingency, and that he has never prosecuted the same to judgment, though directed to do so by the defendant. The evidence in support of the assignment of the claim to the plaintiff is not very convincing that there was a consideration for the assignment, and the case suggests bad faith in so many particulars that in the interests of justice we conclude that the judgment should be reversed and a new trial ordered. Judgment reversed, and new trial ordered; costs to abide the event.

GOODRICH, P. J., concurs.

HIRSCHBERG, J. The action was brought to recover for professional services rendered by the plaintiff's assignor, one Henry M. Goldberg, as an attorney at law, in two slander suits instituted by the defendant. On behalf of the plaintiff his assignor testified that the employment was such as tended to establish a right to recover for the service upon a quantum meruit. The defendant testified in his own behalf, and was supported by the testimony of two witnesses, namely, Albert S. Meyer and Cammila T. Sutherland, to the effect that the contract of employment was upon a contingent fee, whatever was recovered in the actions to be divided equally between the defendant and the attorney. The rule is a familiar one that the mere number of witnesses is not to be regarded as controlling upon the question of preponderance, and this court is especially precluded from holding in this case that the preponderance of the evidence is with the defendant, inasmuch as the municipal court justice who heard and decided the case states in his opinion that, while he recognizes the rule that the plaintiff is compelled to establish his case by a preponderance of evidence, he has reached the conclusion that the plaintiff's contention is the proper one, "from the actions